[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 1, 1992 Date of Application May 1, 1992 Date Application Filed May 1, 1992 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No. CR90-50509
Joseph Belinkie, Esq., Defense Counsel, for Petitioner.
Jonathan Benedict Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was 19 years of age at the time of sentencing, was originally charged with murder. Midway through a trial to a jury, he pleaded guilty to a Substituted Information charging Manslaughter, 1st degree (Connecticut General Statutes Section 53a-55(a)(2) and Carrying a Pistol Without a Permit (Connecticut General Statutes Section 29-35,29-37(b). There was no plea agreement and at sentencing the state recommended 20 years to serve. The Court imposed 20 years, execution suspended after 14 years on the Manslaughter charge and a consecutive 1 year sentence on the weapons CT Page 6581-E charge, for a total effective sentence of 20 years, execution suspended after 15 years and probation for 5 years.
The petitioner, on a pretext, arranged to have the victim come out of a restaurant. When the victim did so, the petitioner shot him at least twice and the victim died from his wounds.
The petitioner claims that the victim was his sister's boyfriend and that he was abusive to her and was stealing from the petitioner's home, probably for drug money.
Although the petitioner is a young man he did have a prior conviction for Assault, 3rd degree.
The sentencing court carefully considered its sentence, reflecting on the good possibility that the jury might have found extreme emotional disturbance on the part of the petitioner, so that the manslaughter charge was probably appropriate. It also had to consider that a life was taken under circumstances that may not have been spontaneous and that the petitioner carried a pistol without a permit. The Court imposed a sentence it felt reflected the nature of the crime and the background of the petitioner. Indicating the hope for rehabilitation, it imposed a sentence substantially less than it could have imposed, and less than the prosecution was seeking.
The Division has considered the sentence as mandated by Section 942 of the Practice Book. We find it to be within the appropriate discretion of the sentencing Court, and that it comports with the several purposes which a sentence is intended to serve, and accordingly, we affirm the sentence.
Purtill, Klaczak and Norko, J.s, participated in this decision. CT Page 6581-F